TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00543-CR






In re Harold C. Biddie






FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT

NO. 7068, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING




O R D E R


PER CURIAM 

 Harold C. Biddie appeals the trial court's denial of his motion for DNA testing. The
trial court stated that it denied the motion because it appeared that "testing has been done." This
Court previously affirmed a trial court finding that DNA testing did not produce results favorable
to Biddie. See In re Biddie, No. 03-02-00063-CR, 2003 Tex. App. LEXIS 4135 (Tex. App.--Austin
May 15, 2003, no pet.) (mem. op., not designated for publication).

 Biddie's brief in this appeal is overdue. After this Court notified Biddie that his
brief was late, Biddie sent a notice to this Court's clerk that motions had been pending before this
Court for more than 60 days. While this Court has received filings from Biddie including notices
regarding institutional lockdown, various complaints about the trial court's conduct, and issues of
the Echo newspaper, no motions are currently pending in this Court. This Court received a notice
on March 26, 2010, from Biddie that included a response from the trial court stating that the
trial court declined to act on an application for appointment of counsel because no order
was attached. The only document subsequently filed in this Court was Biddie's filing of an edition
of the Echo.

 Biddie is proceeding pro se and has not shown in this Court that he is entitled
to counsel. A convicted person is entitled to appointed counsel during a DNA testing proceeding
if: (1) the person informs the trial court that he wishes to submit a motion for testing, (2) the
person is indigent, and (3) the court finds reasonable grounds for a testing motion to be filed. 
In re Gonzales, No. 03-07-00649-CR, 2009 Tex. App. LEXIS 5691, at *10-11 (Tex. App.--Austin
July 24, 2009, no pet.) (mem. op., not designated for publication); see also Tex. Code Crim. Proc.
Ann. art. 64.01(c) (West Supp. 2009). Reasonable grounds for appointment of counsel exist
when the facts stated in the request for counsel or otherwise known to the trial court reasonably
suggest that a plausible argument for testing can be made. Id. at *11. Reasonable grounds are not
present if there is no evidence that can be submitted for DNA testing or if no viable argument for
testing can be made. Id. Biddie presented his request to the trial court, requesting DNA testing of
"House Bill # 681," six types of evidence, and "any and all evidence unknown to the defendant." 
The trial court rejected Biddie's request for testing, and Biddie has not yet presented anything to this
Court to persuade us that the trial court erred. He did not persuade the trial court that he is entitled
to counsel and has not shown this Court that the trial court erred by not appointing counsel for him. 
Consequently, Biddie will proceed without counsel.



 Biddie's brief is due July 26, 2010. If he fails to file a brief, this appeal will be
submitted without briefs on the record on file.

 Ordered June 25, 2010.



Before Chief Justice Jones, Justices Pemberton and Waldrop

Do Not Publish